# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00245-CR

**Ricky Roblero, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 0991693, HONORABLE FRED A. MOORE, JUDGE PRESIDING

A jury found appellant Ricky Roblero guilty of two counts of aggravated sexual assault of a child, two counts of indecency with a child by contact, and two counts of indecency with a child by exposure. *See* Tex. Pen. Code Ann. §§ 21.11, 22.021 (West Supp. 2001). The jury assessed punishment at imprisonment for sixty years for the sexual assaults, twenty years for the contacts, and ten years for the exposures.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate record and to file a pro se brief. Appellant filed a pro se brief asserting four points of error.

By point one, appellant asserts that the State suppressed exculpatory evidence. The allegedly suppressed evidence consists of the results of medical examinations of the child victim and of DNA testing. Appellant does not refer us to any showing in the record that such evidence exists and we find none. Pro se point of error one is overruled.

In point two, appellant contends the complainant falsely testified that he inserted his finger into her vagina. Appellant asserts that medical testimony would contradict this testimony. There was, however, no medical testimony at the trial. Even if there had been, it would have been for the jury to resolve any conflicts in the testimony. Pro se point of error two is overruled.

In point three, appellant urges that the complainant's half-sister perjured herself when she testified that she had been sexually assaulted by appellant in a manner similar to that described by the complainant. The jury heard appellant's testimony denying both girls' allegations. Evidently, the jury did not find appellant's testimony to be credible. We are in no position to second-guess the jury's conclusion. A verdict is not manifestly unjust because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Pro se point of error three is overruled.

Finally, appellant complains that a witness mentioned a polygraph test. During cross-examination, the officer who investigated the alleged offenses was questioned about appellant's consistent denials of guilt and his cooperation with the investigation. The detective was asked if

appellant "agreed to come back to your office at a future date to meet with you again." The detective replied, "We discussed the possibility of a polygraph." Appellant correctly points out that this reference to polygraph testing violated an order in limine, but counsel did not object, ask for an instruction to disregard, or move for a mistrial. There was no other mention of the subject. Reversible error is not presented. Pro se point of error four is overruled.

The judgments of conviction for each count are affirmed.

---

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 31, 2001

Do Not Publish